UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ACEVEDO,<br>CDCR #AB-8145,<br><br>                                    Plaintiff,<br><br>        vs.<br><br><br>COUNTY OF SAN DIEGO; JOHN AND<br>JANE DOE 1 THROUGH 100<br>                                    Defendants. | Case No. 16-cv-02042-BAS-MDD<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [Doc. No. 3];**<br><br>**(2)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

Juan Acevedo ("Plaintiff") is a state inmate proceeding pro se, and is currently incarcerated at the California Rehabilitation Center in Norco, California. He has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), and a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 3). Plaintiff alleges his constitutional rights were violated when he was housed at the George Bailey Detention Facility.

/ / /

/ / /

16cv2042

1

## I.      Motion to Proceed In Forma Pauperis

2

All parties instituting any civil action, suit or proceeding in a district court of the

3    United States, except an application for writ of habeas corpus, must pay a filing fee of

4    $400.[1]  *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to

5    prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C.

6    § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v.*

7    *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to

8    proceed IFP remains obligated to pay the entire fee in "increments" or "installments,"

9    *Bruce v. Samuels*, __ U.S.  __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d

10   1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.

11   *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir.

12   2002).

13

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a

14   "certified copy of the trust fund account statement (or institutional equivalent) for . . . the

15   6-month period immediately preceding the filing of the complaint." 28 U.S.C.

16   § 1915(a)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the

17   certified trust account statement, the Court assesses an initial payment of 20% of (a) the

18   average monthly deposits in the account for the past six months, or (b) the average

19   monthly balance in the account for the past six months, whichever is greater, unless the

20   prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The

21   institution having custody of the prisoner then collects subsequent payments, assessed at

22   20% of the preceding month's income, in any month in which his account exceeds $10,

23   and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C.

24   § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

25

_____

26

27   [1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See*
28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff.
Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed
IFP. *Id.*

28

In support of his IFP Motion, Plaintiff has submitted copies of his Inmate Statement Report and a prison certificate attesting to his trust account activity. *See* Doc. No. 2 at 4-5. These statements show Plaintiff has a current available balance of zero. Therefore, the Court grants Plaintiff's Motion to Proceed IFP and declines to exact any initial filing fee because his trust account statement shows he "has no means to pay it." *Bruce*, 136 S. Ct. at 629; *see also* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Moreover, the Court directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Legal Standards for Screening Complaint Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff is a prisoner proceeding IFP, his complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon

16cv2042

1  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of
2  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668
3  F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th
4  Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard
5  applied in the context of failure to state a claim under Federal Rule of Civil Procedure
6  12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted
7  as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.
8  662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

9      Detailed factual allegations are not required, but "[t]hreadbare recitals of the
10  elements of a cause of action, supported by mere conclusory statements, do not suffice."
11  *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for
12  relief [is] . . . a context-specific task that requires the reviewing court to draw on its
13  judicial experience and common sense." *Id.* The "mere possibility of misconduct" or
14  "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting
15  this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th
16  Cir. 2009).

17      **A.    42 U.S.C. § 1983**

18      "Section 1983 creates a private right of action against individuals who, acting
19  under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*
20  *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of
21  substantive rights, but merely provides a method for vindicating federal rights elsewhere
22  conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks
23  and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1)
24  deprivation of a right secured by the Constitution and laws of the United States, and (2)
25  that the deprivation was committed by a person acting under color of state law." *Tsao v.*
26  *Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

27      **B.    Excessive Force Claims**

28      In his Complaint, Plaintiff alleges that Defendants "tackle[d] him to the ground,"

16cv2042

beat him with their fists, and "kicked [Plaintiff] in the head while he was unconscious." (Compl. at 2.) The Court finds these allegations sufficiently pled to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Plaintiff's Complaint contains factual allegations sufficient to state a claim for the use of excessive force in violation of the Eighth Amendment. *See Iqbal*, 556 U.S. at 678; *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012); *Cf. Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

## III.   Conclusion and Order

For the foregoing reasons, the Court:

1.      **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 3);

2.      **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4.      **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant.[2] In addition, the Clerk will provide Plaintiff with a certified copy of this

---

[2] Plaintiff must, of course, identify the Defendants he lists only as "John and Jane Doe 1 through 100," by their true names and substitute those individual persons in place of each unnamed Doe by amending

16cv2042

Order, a certified copy of his Complaint and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

5.     **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

6.     **ORDERS** the served Defendants to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2); and

7.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon the named Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service. *See* CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or

---

his Complaint to identify each of those parties before the United States Marshal will be able to execute service upon them. *See Aviles v. Vill. of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). It is in most instances impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."). Ninth Circuit authority permits plaintiff the opportunity to pursue appropriate discovery to identify the unknown Doe, unless it is clear that discovery would not uncover his identity, or that his Complaint should be dismissed for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

1  which fails to include a Certificate of Service upon Defendants may be disregarded.

2       **IT IS SO ORDERED**.

3

4  **DATED: October 12, 2016**

5

6  Hon. Cynthia Bashant
   United States District Judge

16cv2042